WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

No. CV-19-00055-PHX-ESW

Engen Nurumbi,

**ORDER**

Plaintiffs,

v.

Presto Auto Loans, Inc.,

Defendants.

Pending before the Court is Defendant Presto Auto Loans, Inc.'s ("Presto") Motion for Summary Judgment (Doc. 21). For the reasons explained herein, the Court concludes that this action filed by Plaintiff Engen Nurumbi ("Nurumbi") is in effect an appeal of a judgment entered in the Superior Court of Arizona. The Court further concludes that this action must be dismissed without prejudice for lack of subject matter jurisdiction.[1] Accordingly Presto's Motion (Doc. 21) will be denied as moot.

## I. DISCUSSION

### A. Subject Matter Jurisdiction

Because federal courts are courts of limited jurisdiction, a case presumably lies outside the jurisdiction of the federal courts unless proven otherwise. *Kokkonen v.*

---

[1] The parties have consented to the exercise of Magistrate Judge jurisdiction. (Doc. 18).

*Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Court is obligated to determine sua sponte whether it has subject matter jurisdiction. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Under the *Rooker-Feldman* doctrine, a federal district court has no authority to review the final determinations of a state court in judicial proceedings. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). "The purpose of the doctrine is to protect state judgments from collateral federal attack. Because district courts lack power to hear direct appeals from state court decisions, they must decline jurisdiction whenever they are 'in essence called upon to review the state court decision.'" *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (quoting *Feldman*, 460 U.S. at 482 n.16).

"A federal action constitutes such a *de facto* appeal where 'claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules.'" *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003)) (emphasis in original). "Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined" and the action is properly dismissed under the *Rooker-Feldman* doctrine. *Doe & Assocs.*, 252 F.3d at 1030. In addition, "[i]f the injury alleged resulted from the state court judgment itself, *Rooker–Feldman* directs that the lower federal courts lack jurisdiction." *Bianchi*, 334 F.3d at 901; *see also GASH Associates v. Village of Rosemont, Ill.*, 995 F.2d 726, 728 (7th Cir. 1993) (holding that *Rooker-Feldman* barred the action "because the plaintiffs' injury stemmed from the state judgment—an erroneous judgment, perhaps, entered after procedures said to be

unconstitutional, but a judgment nonetheless.").

To summarize, under the *Rooker–Feldman* doctrine, a plaintiff may not initiate a federal district court action that: (i) directly challenges a state court holding or decision; or (ii) indirectly challenges a state court holding or decision by raising claims in federal court that are inextricably intertwined with the state court judgment, even if the claim is that the state court's actions were unconstitutional. *See Feldman*, 460 U.S. at 486. Only the Supreme Court may entertain a direct appeal from a state court judgment. *Id.*

**B. Analysis**

In 2017, Presto filed an action in Maricopa County Superior Court (Case No. CV2017-007277) against Nurumbi. (Doc. 22-1 at 8-13). Presto alleged that it had a perfected lien on Nurumbi's motor vehicle and was entitled to immediate possession of the motor vehicle. (*Id.* at 8). Presto subsequently filed a First Amended Complaint. (*Id.* at 30-37). Nurumbi, who was self-represented, filed a "Response to First Amended Complaint and Application for Remedy without Notice and Counter-Claim." (Doc. 22-2 at 2-15). Nurumbi raised two counterclaims. (*Id.* at 4). In the first counterclaim, Nurumbi alleged that Presto violated the Truth In Lending Act and Regulation Z. (*Id.*). Nurumbi's second counterclaim alleged that Presto violated the Consumer Financial Protection Act of 2010. (*Id.*).

Presto filed a Motion for Partial Summary Judgment, which sought judgment on Plaintiff's counterclaims. (*Id.* at 24-28). The trial court denied the Motion. (Doc. 22-3 at 2-5). Presto thereafter filed a full Motion for Summary Judgment, which the trial court granted. (*Id.* at 7-10, 31-35). The trial court also denied Plaintiff's request to transfer the state court case to federal court. (*Id.* at 34-35). The trial court entered judgment in favor of Presto on December 12, 2018. (*Id.* at 47-48).

On January 4, 2019, Nurumbi initiated this federal action. (Doc. 1). Nurumbi's two-count Complaint contains the same claims that Nurumbi raised as counterclaims in the state court case. (*Id.* at 9-11). The Complaint alleges that the alleged violation of the Truth In Lending Act "could not be effectively litigated in [the state court] case." (*Id.* at

5, ¶ 17). Nurumbi asserts that the state court entered judgment against him "because he was unable to come forward with evidence to controvert the Plaintiff's prima facie showing of its entitlement to summary judgment . . . due to . . . his difficulties incurred in representing himself due to being hospitalized several months resulting from acute septic Lupus." (*Id.* at 6, ¶¶ 20-21).

In its pending Motion for Summary Judgment, Presto alleges that this "action is a thinly veiled attempt by [Nurumbi] to take a second bite at the apple and circumvent a judgment entered against him in Arizona state court in an action involving substantially identical claims and issues." (Doc. 21 at 1). Presto argues that the Court should enter summary judgment in its favor pursuant to the doctrines of claims preclusion and issue preclsion. (*Id.* at 4-13). Nurumbi opposes Presto's Motion, contending that the state court judgment "does not and cannot comport with the Due Process mandates of the 14th Amendment and therefore it cannot be considered for purposed [sic] of *res judicata* or *collateral estopple* [sic]." (Doc. 32 at 12).

The Court finds that Nurumbi's Complaint is, in effect, an appeal from the state court's judgment. The Court further finds that it cannot grant the relief Plaintiffs seek without "undoing" the state court's decision. *Bianchi*, 334 F.3d at 900 (explaining that "[w]here the only redress [sought is] an undoing of the prior state court judgment," subject matter jurisdiction is "clearly barred under *Rooker–Feldman*."). Like in *Bianchi*, it is immaterial that Nurumbi attempts to frame his federal Complaint as a constitutional challenge to the state courts' decisions, rather than as a direct appeal of those decisions. *See id.* at 900 n.4 (under the *Rooker-Feldman* doctrine, "[i]t is immaterial that [the plaintiff] frames his federal complaint as a constitutional challenge to the state courts' decisions, rather than as a direct appeal of those decisions").

The *Rooker-Feldman* doctrine requires this case be dismissed without prejudice. *Id.* at 900, 902 ("The integrity of the judicial process depends on federal courts respecting final state court judgments and rebuffing de facto appeals of those judgments to federal court."); *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) ("Ordinarily, a case

dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court."). Because the Court finds that it lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, Presto's Motion for Summary Judgment (Doc. 21) will be denied as moot.

## II. CONCLUSION

**IT IS ORDERED** dismissing the Complaint (Doc. 1) without prejudice for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.

**IT IS FURTHER ORDERED** denying as moot Presto's Motion for Summary Judgment (Doc. 21).

**IT IS FURTHER ORDERED** denying Nurumbi's "Request for Evidentiary Hearing and Disclosure" (Doc. 29).

Dated this 8th day of May, 2019.

_____
Eileen S. Willett
United States Magistrate Judge